Exhibit A

| | |
|---|---|
| DISTRICT COURT, COUNTY OF BOULDER<br>STATE OF COLORADO<br>1777 6th Street<br>Boulder, CO 80302<br>(303) 441-3750 | DATE FILED: August 2, 2017 3:27 PM<br>FILING ID: B3D87CA74648D<br>CASE NUMBER: 2017CV30782 |
| **Plaintiff:**    BENJAMIN PIQUARD<br><br>v.<br><br>**Defendant:**    METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, d/b/a METLIFE AUTO & HOME a Rhode Island insurance company. | ▲ COURT USE ONLY ▲ |
| *Attorney for Plaintiff*:<br>Anna L. Burr, Esq., #42205<br>Law Office of Anna L. Burr, LLC<br>3190 S Vaughn Way Suite 550<br>Aurora, CO 80014<br><br>Mailing Address:<br>PO Box 461691<br>Aurora, CO 80046<br><br>Phone:  (720) 500-2076<br>Fax:     (720) 729-8866<br>Email:   anna@burr-law.com | Case No:<br><br>Courtroom: |
| **COMPLAINT** ||

**BENJAMIN PIQUARD**, ("Plaintiff"), by and through his attorneys, Law Office of Anna L. Burr, LLC for his Complaint against **METROPOLITAN CASUALTY INSURANCE COMPANY, d/b/a METLIFE AUTO & HOME** ("MetLife"), a Rhode Island Insurance Company, alleges and avers as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is a resident and citizen of the State of Colorado with his principal residence located at 5325 Hillary Circle, Parker, CO 80134.

2. MetLife is a Casualty Insurance Company of Rhode Island that can be found doing business and servicing claims of its insureds in Boulder County, Colorado.

3. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

4. At all times material hereto, Defendant was and is a corporation, licensed to conduct business in the State of Colorado.

5. At all times material hereto, Defendant's principal office address was 700 Quaker Lane, Warwick, RI 02886-6681.

6. At all times relevant hereto, Defendant's registered agent was The Corporation Company, 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112-1268, United States.

7. On September 19, 2015, Plaintiff was injured in a motor vehicle collision caused by Melina Garcia.

8. On September 19, 2015, Plaintiff was a Senior at Ponderosa High School.

9. Before September 19, 2015, Plaintiff had discussed enlisting in the Marines with a recruiter at Ponderosa High School.

10. On September 19, 2015, Plaintiff was a passenger in a 2005 Mini Cooper operated by Mr. Joshua Piquard. The vehicle containing Plaintiff was traveling southbound on Nate Drive proceeding straight through the intersection of Creekside Drive in Parker, Colorado.

11. At the same time and location, Melina Garcia was driving a 2012 Volkswagen Bug. At approximately 7:20 AM on September 9, 2015, Melina Garcia was driving eastbound on Creekside Drive.

12. At the same time and location, as Ms. Garcia's vehicle approached the intersection of Nate Drive, she disregarded her stop sign and entered the intersection at the same time as the Piquard vehicle.

13. At the same time and location, Ms. Garcia's vehicle struck the passenger side of the Piquard vehicle in a t-bone collision.

14. Following the collision, Mr. Piquard's Mini Cooper was declared a total loss.

15. Melina Garcia operated her vehicle in a negligent and/or careless manner which impact with the Plaintiff's vehicle caused Plaintiff to suffer severe and permanent injuries and damages.

16. As a direct and proximate result of Ms. Garcia's negligence and/or carelessness, as described above, Plaintiff suffered multiple injuries to his muscular, skeletal, and nervous systems.

17. As a direct and proximate result of Ms. Garcia's negligence and/or carelessness, Plaintiff has suffered permanent injuries and has incurred reasonable and necessary medical expenses of approximately $12,000.00 to date.

18. Plaintiff will incur future medical expenses.

19. Plaintiff has sustained a loss of GI Bill benefits as a result of this collision of approximately $60,000.00.

20. As a direct and proximate result of the negligence and/or carelessness of Melina Garcia, Plaintiff has in the past endured pain and suffering and will in the future endure pain and suffering; has incurred the services of doctors, nurses and hospitals and will in the future incur the services of doctors, nurses and/or hospitals; has been required to obtain medicines and medical equipment and will in the future be required to obtain medicines and medical equipment; has in the past suffered the loss of enjoyment of a full and complete life and continues to suffer a loss of enjoyment of a full and complete life; has in the past suffered a physical impairment and continues to have a physical impairment all to his damage in an amount to be determined at the time of trial.

21. At the time of the collision, Mr. Joshua Piquard, the driver of the vehicle in which Plaintiff was a passenger, was insured under an insurance policy issued by Defendant MetLife Property and Casualty Insurance Company.

22. This policy provided up to one hundred thousand dollars per person and three hundred thousand per occurrence of uninsured/underinsured ("UM/UIM") coverage in the event Mr. Piquard or his passengers were injured in a collision caused by a driver with no insurance or too little insurance.

23. Ms. Garcia was insured through American Family Insurance for limits of liability of $25,000.00 per person.

24. Pursuant to the policy provisions of MetLife's UIM vehicle coverage, Ms. Garcia was an "underinsured" driver as her liability insurance coverage was less than Plaintiff's economic and non-economic damages in this case.

25. Melina Garcia was an "underinsured" driver as her liability coverage was less than Plaintiff's past, present and future economic and non-economic damages.

26. On August 15, 2016, counsel for Plaintiff submitted to Debra Twidwell, Casualty Claim Adjuster for Defendant, a letter requesting consent to settle with the liability carrier for the full policy limits.

27. Consent was granted by Ms. Twidwell on August 16, 2016.

3

28. On August 2, 2016, counsel for Plaintiff submitted to Ms. Twidwell a letter placing MetLife on notice of a UIM claim. This letter contained the Traffic Accident Report, as well as medical and billing records up to that point in time. In addition, the letter dated August 1, 2017 provided a medical payment summary showing medical expense incurred to date of over $12,000.00.

29. On August 5, 2017, Ms. Twidwell sent counsel for Plaintiff a letter confirming receipt of the demand package.

30. On August 24, 2016, Ms. Twidwell sent a letter to counsel for Plaintiff requesting additional records.

31. On September 27, 2016, counsel for Plaintiff forwarded additional documents to Ms. Twidwell, including Plaintiff's prior medical records and school records.

32. On October 10, 2016, counsel for Plaintiff forwarded additional documents to Ms. Twidwell documenting Plaintiff's disqualification from enlistment in the Marines.

33. On November 15, 2016, counsel for Plaintiff sent a letter to Ms. Twidwell requesting a status update on MetLife's evaluation of Mr. Piquard's claim.

34. On December 9, 2016, counsel for Plaintiff sent a letter to MetLife again requesting a status update on MetLife's evaluation of Mr. Piquard's claim.

35. On January 13, 2017, counsel for Plaintiff sent a letter to MetLife again requesting a status update on MetLife's evaluation of Mr. Piquard's claim.

36. On February 9, 2017, counsel for Plaintiff spoke to a claims adjuster for MetLife over the telephone.

37. On February 13, 2017, the details of the February 9, 2017 telephone conversation were summarized in a letter from counsel for Plaintiff to MetLife.

38. On March 3, 2017, Cheri Mann, a representative of MetLife extended an offer in the amount of $34,000 to resolve Plaintiff's claim.

39. On March 3, 2017, the details of the March 3, 2017 telephone conversation were summarized in a letter from counsel for Plaintiff to MetLife.

40. The March 3, 2017 letter contained additional information regarding Plaintiff's desire to enlist in the Marines.

41. On March 10, 2017, counsel for Plaintiff sent a letter correcting an error in the March 3, 2017 correspondence.

42. On April 14, 2017, MetLife sent Plaintiff's counsel a letter offering $49,000 to resolve Plaintiff's claim.

43. On June 2, 2017, MetLife contacted Plaintiff's counsel regarding the $49,000 offer.

44. On June 6, 2017, counsel for Plaintiff sent a letter to MetLife informing them that additional information would be forthcoming.

45. On July 10, 2017, counsel for Plaintiff informed MetLife that Plaintiff had returned to a medical doctor for evaluation and possible treatment.

46. The July 10, 2017 letter also included a copy of Plaintiff's grades from his most recent year in school.

47. Counsel for Plaintiff has received no further communication from MetLife since June 2, 2017.

48. Defendant MetLife Insurance was not interested in understanding the true nature of Plaintiff's damages arising from his September 19, 2015 motor vehicle collision.

49. Defendant MetLife Insurance unreasonably delayed its investigation into Plaintiff's claim.

50. Defendant MetLife Insurance did not conduct a reasonable investigation into Plaintiff's underinsured motorist claim.

51. Because MetLife Insurance did not conduct a reasonable investigation into Plaintiff's underinsured motorist claim, a genuine dispute regarding the value of Plaintiff's underinsured motorist claim has never existed.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF
### (Negligence-UIM Claim)

Plaintiff incorporates and makes a part of this first claim for relief each and every paragraph of the General Allegations.

1. Melina Garcia had a duty to exercise reasonable care in the operation of her motor vehicle upon the public roadways of the State of Colorado.

2. Ms. Garcia breached this duty by failing to stop at an intersection and subsequently colliding her vehicle into the entire side of the vehicle containing Plaintiff.

3. As a direct and proximate result of the negligence of Ms. Garcia, Plaintiff has been damaged as stated above.

**WHEREFORE**, Plaintiff prays following the Fourth Claim for Relief.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

Plaintiff incorporates and makes a part of this claim for relief each and every paragraph of the General Allegations.

1. Plaintiff has complied with all conditions precedent to coverage under the insurance policy issued by Defendant to Mr. Piquard.

2. To the extent that Plaintiff may have failed to comply with any of the contractual obligations, Defendant has not been prejudiced by the failure to comply.

3. To the extent that Plaintiff may have failed to comply with any of the contractual obligations, Defendant may not rely on this failure to comply because it breached one or more material obligations under the policy prior to any alleged failure to comply of Plaintiff's.

4. At all times relevant to this action, Defendant owed to Plaintiff the implied duty of good faith and fair dealing in the insurance contract.

5. Defendant has breached its contract with Plaintiff by delaying and denying benefits due to Plaintiff under the policy.

6. As a direct and proximate result of Defendant's breach of contract, Plaintiff has incurred damages in an amount to be proved at the time of trial.

**WHEREFORE,** Plaintiff prays following the Fourth Claim for Relief.

### PLAINTIFF'S THIRD CLAIM FOR RELIEF
### (BAD FAITH BREACH OF INSURANCE CONTRACT)

Plaintiff incorporates and makes a part of this claim for relief each and every paragraph of the General Allegations and the Second Claim for Relief.

1. As a provider of insurance services to the public, Defendant at all times had a duty to be actuated by good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices, and keep, observe and practice the principles of law and equity in all matters pertaining to the business of insurance.

2. Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insured. Pursuant to its implied duty of good faith and fair dealing, Defendant owed to Plaintiff an obligation to treat Plaintiff's interests with equal consideration to its own interests.

3. Defendant has breached its duty of good faith and fair dealing owed to Plaintiff, including, but not limited to:

   a. When investigating Plaintiff's claims, failing to diligently search for evidence that supported their insured's (Plaintiff's) claims;
   b. Seeking to discover only evidence that defeated its insured's (Plaintiff's) claims;
   c. Unreasonably delaying and/or withholding benefits under the insurance policy without a reasonable basis for delaying and/or withholding benefits, with knowledge or reckless disregard of a lack or reasonable basis for delaying and/or withholding benefits;
   d. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;
   e. Refusing to pay claims without conducting a reasonable investigation based upon all available information;
   f. Failing to respond to reasonable requests for information from its insured;
   g. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability has become reasonably clear;
   h. Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy;
   i. Forcing Plaintiff into the costly and lengthy process of litigation;
   j. Failing to conduct a thorough and complete evaluation of Plaintiff's claim;
   k. Utilizing biased personnel to provide medical causation and future care opinions, and relying upon these opinions in evaluating Plaintiff's claim;
   l. Any further acts which may be discovered.

4. Defendant's conduct was unreasonable, and Defendant either knew such conduct was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

5. As a result of the breach of the duty of good faith and fair dealing, Plaintiff Benjamin Piquard suffered additional damages and injuries due to Defendant's unreasonable delay.

**WHEREFORE,** Plaintiff prays following the Fourth Claim for Relief.

### PLAINTIFF'S FOURTH CLAIM FOR RELIEF
### (VIOLATION OF C.R.S. 10-3-1115(1)(A) AND C.R.S. 10-3-1116(1))

Plaintiff incorporates and makes a part of this claim for relief each and every paragraph of the General Allegations and the Second and Third Claims for Relief.

1. Defendant's delay and denial of Plaintiff's claim for underinsured motorist benefits was unreasonable.

2. Pursuant to C.R.S. 10-3-1116(1), Plaintiff is entitled to reasonable attorney's fees and two times the covered benefit.

**WHEREFORE**, Plaintiff, BENJAMIN PIQUARD, requests that Judgment be entered in his favor and against Defendant, METLIFE PROPERTY AND CASUALTY INSURANCE COMPANY ("MetLife"), a Rhode Island insurance company. Plaintiff requests that Judgment be entered against MetLife for economic, non-economic, impairment, and all other damages as set forth in this Complaint and which may be proven at the time of trial, interest from the date permitted by law, cost of this suit, reasonable attorney's fees and expert witness fees. Additionally, Plaintiff requests such other relief as this Court may deem just and proper.

Respectfully submitted this   2nd   day of   August  , 2017.

**Law Office of Anna L. Burr, LLC**

*This document was filed via ICCES e-file system.  The originally signed copy is on file at the offices of Tomazin Hillyard & Clor, LLP*

*/s/    Anna L. Burr, Esq.*
Anna L. Burr #42205

Plaintiff's Address:
5325 Hillary Circle
Parker, CO 80134

*In accordance with C.R.C.P. 121 §1-26(9), a printed copy of this document with original signature(s) is maintained by Law Office of Anna L. Burr, LLC and will be made available for inspection by other parties or the Court upon request.*

DATE FILED: August 18, 2017 5:13 PM
FILING ID: 336336B5FC3E8
CASE NUMBER: 2017CV30782

| | |
|---|---|
| DISTRICT COURT, COUNTY OF BOULDER<br>STATE OF COLORADO<br>1777 6th Street<br>Boulder, CO 80302<br>(303) 441-3750 | |
| **Plaintiff:**     BENJAMIN PIQUARD<br><br>v.<br><br>**Defendant:**     METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, d/b/a METLIFE AUTO & HOME a Rhode Island insurance company. | ▲ COURT USE ONLY ▲ |
| *Attorney for Plaintiff*:<br>Anna L. Burr, Esq., #42205<br>Law Office of Anna L. Burr, LLC<br>3190 S Vaughn Way Suite 550<br>Aurora, CO 80014<br><br>Mailing Address:<br>PO Box 461691<br>Aurora, CO 80046<br><br>Phone: (720) 500-2076<br>Fax: (720) 729-8866<br>Email: anna@burr-law.com | Case No:<br><br><br><br><br>Courtroom: |

### RETURN OF SERVICE

    I declare under oath that I am 18 years or older and not a party to the action and that I served this Summons and a copy of the Complaint, and District Civil Case Cover Sheet in this case on the Defendant in Arapahoe (County) Colorado on August 14, 2017 (date) at 10:55 a.m. (time) at the following location: The Corporation Company – 7700 East Arapahoe Road, Suite 220, Centennial, CO 80112-1268

    By (Check one):
    ☐ By handing it to a person identified to me as the Defendant.
    ☒ By leaving the documents with Emily Rauch, Office Manager of The Corporation Company (Type or write name legibly), who is designated to receive service for the Respondent because of the following relationship with the Respondent: The Corporation Company is the

Registered Agent for the Defendant, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a METLIFE AUTO & HOME, as provided for in C.R.C.P. 4(e).

 I attempted to serve the Defendant on _____ occasions but have not been able to locate the Respondent. Return to the Plaintiff is made on _____ (date).
 I attempted to leave it with Defendant who refused service.

☒ Private process server, Patrick Owen

_____
Signature of Process Server

 Sheriff, _____ County
 Fee $60.00 Mileage $0.00

_____
Name (Print or type)

Subscribed and affirmed, or sworn to before me in the County of Denver, State of Colorado, this 16th day of August, 2017.

My Commission Expires: January 13, 2019

Brenda S. Olson
Notary Public/Clerk

BRENDA S. OLSON
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20114003073
MY COMMISSION EXPIRES JANUARY 13, 2019